XAVIER W. YOUNG,

    Petitioner,

    v.                                                                             Case No. 23-CV-352-SCD

MICHAEL MEISNER,
  *Warden, Fox Lake Correctional Institution,*

    Respondent.

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND GRANTING RESPONDENT'S MOTION TO DISMISS

    Xavier Young seeks reconsideration of this court's order denying his request to stay proceedings so he can return to state court to exhaust his ineffective assistance of post-conviction counsel claim. *See* Petr.'s Mot. to Reconsider, ECF No. 17. A district judge may reconsider a previous ruling such as a denial of a stay if there is a "compelling reason" to do so. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006) (citations omitted). The compelling reason here, according to Young, is that I mistakenly determined that federal review of his claim is off limits because it depends entirely on the Wisconsin state courts' interpretation of a state statute, section 971.11. As support, Young cites several Seventh Circuit cases that have granted habeas relief where a lawyer failed to raise an obvious state-law defense. *See Shaw v. Wilson*, 721 F.3d 908 (7th Cir. 2013); *Jones v. Zatecky*, 917 F.3d 578 (7th Cir. 2019); *Harris v. Thompson*, 698 F.3d 609 (7th Cir. 2012); *Sanders v. Cotton*, 398 F.3d 572 (7th Cir. 2005).

Young still has not satisfied all the requirements for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). To be entitled to a stay, Young must demonstrate that (1) there is "good cause" for not exhausting his claims before filing the federal petition; (2) the unexhausted claims are "potentially meritorious"; and (3) he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 277–78. Young says he didn't exhaust his ineffective assistance of post-conviction claim first in state court because he needed approval from this court and because he has no formal legal training. The first potential source of cause is simply untrue. Young could have filed a state collateral attack at any time after his direct appeal concluded, *see* Wis. Stat. § 974.06; he didn't need to first obtain permission from a federal court.[1] And the second potential source of cause has been rejected by the Seventh Circuit. *See, e.g.*, *Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017) (suggesting that circumstances that apply to nearly all *pro se* prisoners, like a lack of legal knowledge, cannot constitute good cause). Thus, assuming that Young's claim is potentially meritorious—which, to be clear, I don't think it is—he has failed to demonstrate good cause for not pursuing it earlier.

Accordingly, the court **DENIES** the petitioner's motion to reconsider motion to stay, ECF No. 17. Because the petition contains both exhausted and unexhausted claims, I cannot consider it in its present form. *See Rhines*, 544 U.S. at 273–74 (citing *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, the court **GRANTS** the respondent's motion to dismiss petition for writ of habeas corpus, ECF No. 8. Young may have until **April 29, 2024**, to file an amended petition that contains only his exhausted claims. Those claims, however, may be subject to dismissal

---

[1] It's unclear whether Young is challenging the actions of his post-conviction counsel, his appellate counsel, or both. The distinction, however, does not matter here, because virtually the same analysis applies to both post-conviction counsel and appellate counsel.

for the other reasons identified by the respondent. Failure to file an amended petition by that deadline will result in the court dismissing this entire action.

**SO ORDERED** this 29th day of March, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge