UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XAVIER W. YOUNG,

    Petitioner,

    v.     Case No. 23-CV-352-SCD

MICHAEL MEISNER,
  *Warden, Fox Lake Correctional Institution,*

    Respondent.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

In March 2023, Xavier Young filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging three potential grounds for relief: (1) that the state courts violated his rights to due process and equal protection of the law when they failed to dismiss his charges with prejudice; (2) that his trial lawyer provided ineffective assistance of counsel when he failed to properly move to dismiss the charges with prejudice; and (3) that his post-conviction lawyer provided ineffective assistance of counsel when he failed to raise the first two issues during Young's direct appeal. *See* ECF No. 1. Young, however, did not exhaust his state-court remedies concerning his third claim, and I denied his request to stay this action while he pursued exhaustion in state court. *See* ECF No. 16. I gave Young several opportunities to file an amended petition that contains only his exhausted claims, with the most recent deadline being August 14, 2024. *see* ECF Nos. 18, 20, 22, 24. Young hasn't filed an amended petition or otherwise informed the court that he wants to proceed on his exhausted claims only.

Because the petition contains both exhausted and unexhausted claims, and because Young has chosen not to file an amended petition, I must dismiss this action. *See* 28 U.S.C. § 2254(b) (indicating that a petition cannot be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[W]e hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). Accordingly, the court **DENIES** the petition, ECF No. 1, and **DISMISSES** this action **without prejudice**. The court also **DENIES** a certificate of appealability, as no reasonable jurist would find this ruling debatable. The clerk of court shall enter judgment that this action is dismissed without prejudice for failure to exhaust state remedies.

**SO ORDERED** this 5th day of September, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge